WOLSKI *v.* UNEMPLOYMENT COMPENSATION
COMMISSION.

1. STATES—CIVIL SERVICE—VALIDITY OF LAYOFF—COURTS—EVIDENCE.
Under State civil service statute in effect prior to the civil serv-
ice amendment of the Constitution, the court of claims was
without jurisdiction in the first instance to determine the va-
lidity of the layoff of plaintiff, an interviewer for the un-
employment compensation commission, hence court properly
rejected records of hiring of others in plaintiff's identical
classification (Const. 1908, art. 6; Act No. 346, §§ 14 [4],
17 [2], Pub. Acts 1937).

2. SAME—STATUTES—CIVIL SERVICE—COMPENSATION DURING LAYOFF.
A State employee who makes claim for compensation during pe-
riod of layoff from employment with the State less money
earned during separation from employment is bound by the
law under which he makes his claim (Const. 1908, art. 6, § 22;
Act No. 346, Pub. Acts 1937).

3. SAME—STATUTES—CONSTITUTIONAL LAW—CIVIL SERVICE COMMIS-
SION—COURTS—REGULARITY OF LAYOFF—REVIEW.
Under the civil service act as well as the superseding amendment
to the Constitution, the civil service commission has, in the
first instance, jurisdiction to determine regularity of layoff
of a civil service employee so that review of such determina-
tion might then be had in Supreme Court (Const. 1908, art. 6,
§ 22; Act No. 346, Pub. Acts 1937).

4. SAME—NOTICE OF LAYOFF—EVIDENCE.
In State civil service employee's proceeding to recover compen-
sation during period of layoff from employment with the
State less money earned during the separation from employ-
ment, evidence of notice of layoff from unemployment com-
pensation commission to principal personnel administrator of
the civil service commission was sufficient notice to director of
latter commission to comply with statute (Act No. 347,
§ 17 [2], Pub. Acts 1937).

5. SAME—LAYOFF—QUESTION OF FACT—JURISDICTION—CIVIL SERVICE
    COMMISSION.
    Where reason assigned by defendant unemployment compensation
        commission for layoff of plaintiff from its service as an inter-
        viewer was stated in letter to plaintiff as ''general decrease
        in the work of this commission'' and plaintiff claimed same
        was for political motives, the State civil service commission had
        jurisdiction in the first instance to determine the controversy
        over the real reason for the separation from employment (Act
        No. 347, § 17 [2], Pub. Acts 1937).

6. COSTS—PUBLIC QUESTION—JURISDICTION TO DETERMINE QUESTION
    OF FACT IN CIVIL SERVICE LAYOFF CASES.
    No costs are allowed in proceeding by State civil service em-
        ployee to recover compensation for period he was laid off from
        service where controversy involved determination as to whether
        State civil service commission or court of claims had juris-
        diction to determine question of fact as to reason for em-
        ployee's layoff, question involved being a matter of public in-
        terest (Act No. 347, § 17 [2], Pub. Acts 1937).

Appeal from Court of Claims; Miles (Fred T.), J.,
presiding.   Submitted April 10, 1946.   (Docket No.
15, Calendar No. 43,240.)   Decided June 13, 1946.

Claim by Stanley Wolski against Michigan Unem-
ployment Compensation Commission and individual
members of commission to obtain payment for time
he was separated from employment.   Claim denied.
Plaintiff appeals.   Affirmed.

*Thaddeus M. Machrowicz* (*Michael A. Guest,* of
counsel), for plaintiff.

*John R. Dethmers,* Attorney General, *Edmund E.
Shepherd,* Solicitor General, and *Meredith H. Doyle*
and *Daniel J. O'Hara,* Assistants Attorney General,
for defendants.

REID, J.   This is an appeal from the court of
claims.   Plaintiff appeals from a judgment of the

trial court denying his claim for compensation during the time from his separation from his employment with the Michigan unemployment compensation commission until the .time of his reemployment, less money earned during separation. Plaintiff claims his layoff was irregular and unlawful in that no notice of the layoff was given to the director of the State civil service commission before the effective date of the layoff. Plaintiff further claims that his layoff was for reasons other than those specified in Act No. 346, Pub. Acts 1937,* which act, though now superseded, still governs the issues herein involved. Sec. 14 (4) † of the act is as follows:

"(4) Whenever an employee is laid off because of shortage of funds, or curtailment of service, or for any other reason beyond his control, his name shall be placed at the head of the same register from which he was originally appointed."

Plaintiff was hired by the Michigan unemployment compensation commission some time in December, 1937, and remained in the actual employment of said commission until March 29 or March 30, 1939, when he received the following letter from the Michigan unemployment compensation commission:

March 28, 1939

"Dear

Because of a general decrease in the work of this commission, it is necessary that we terminate your services at the close of business on April.15, 1939. Your accrued annual leave will entitle you to full payment through..........provided no additional leave is taken between March 16 to April 15th.

This termination will have the effect of a layoff,

---

* See Comp. Laws Supp. 1940, § 402-1 *et seq.*, Stat. Ann. 1940 Cum. Supp. § 3.951 *et seq.*—REPORTER.

† This section, but not subdivision (4), was amended by Act No. 97, Pub. Acts 1939.—REPORTER.

so your name will be returned to the civil service register for certification at some future date."

Plaintiff's official classification was "E. & C. Interviewer A." His rate of pay was $1,800 per year, payable $75 semimonthly. At times he worked as an acting branch manager but immediately before his layoff he was acting in his official classification. There was no showing that his work was unsatisfactory.

The day before plaintiff received the form letter he was informed by his superior of a political motive back of his layoff. Prior to plaintiff's layoff, there was a change of personnel in his office and the day he received his letter, two new persons were brought into the office and plaintiff was instructed to teach them the art of his work.

Immediately after the layoff plaintiff, in compliance with the Michigan civil service act, went to the Lansing office of the civil service commission and verbally demanded a hearing on the cause of his layoff. His file was pulled out and he was told, "there is no notice of layoff or any document and you can go back to Detroit and see them and find out what is the matter. We have no notice here and you will be granted a hearing."

Plaintiff returned to his immediate superior at the Detroit offices of the Michigan unemployment compensation commission, and to the civil service commission in Lansing, several times, but received no satisfaction. Shortly thereafter he made various attempts to procure other employment and did procure several temporary jobs. He also was ill part of the time but he claims that his illness was caused by his despondency in not having a stable means of supporting his family. He eventually was reappointed to his previous employment in the Michigan unemployment compensation commission and returned to that work on June 16, 1941.

Plaintiff offered records of the Michigan unemployment compensation commission to show that persons had been hired by said commission in the plaintiff's identical classification and that said persons were hired immediately preceding and immediately subsequent to the plaintiff's layoff. The trial court ruled the records inadmissible and said, "This court has no jurisdiction to determine the validity of this layoff."

Section 17, subd. (2), of Act No. 346, Pub. Acts 1937 (providing for State civil service commission), provided among other things:

"(2) An appointing authority may lay off a classified employee whenever he deems it necessary because of material change in duties or organization, or shortage or stoppage of work or funds. To the extent that length of service is considered in determining persons to be laid off, time spent in war service by war veterans, as herein defined, shall be counted as State employment. In every case of layoff, the appointing authority shall, before the effective date thereof, give written notice of his action to the director."

Plaintiff is bound by the provisions of the law under which he makes his claim. Act No. 346, Pub. Acts 1937, was superseded by the amendment to the State Constitution, "to establish a new system of civil service for State employment," effective January 1, 1941.* Under the amendment as well as under Act No. 346, *supra,* plaintiff's remedy was, in the first instance, with the civil service commission. A review of the commission's determination might then be had in this court. *Reed* v. *Civil Service Commission,* 301 Mich. 137, 160, 161. Plaintiff relies on *Grix* v. *Liquor Control Commission,* 304 Mich. 269. In that case, however, the plaintiff before filing his claim in the court of claims had a hearing be-

---

* See Const. 1908, art. 6, § 22.—Reporter.

fore the commission and a determination by the commission that his dismissal was irregular. This court held that the record showed that plaintiff was illegally discharged because the statute had not been complied with. In that case plaintiff's claim before the court of claims was based on the civil service commission's determination.

In the instant case plaintiff further claims that the *director* of the State civil service commission was not served with notice. Act No. 346, § 6 (4), Pub. Acts 1937, prescribed among other things:

"It shall be the duty of the director:    *    *    *
"b.    To appoint, subject to the provisions of this act, all employees of the State civil service department and to supervise and direct their work."

Apparently in the performance of his duties the director had appointed one Ovid Blix as principal personnel administrator for the department. Rule 2.5 (1) of the rules of the State civil service commission in force in March, 1939, provided in part as follows:

"Any power vested in the director, and any duty imposed upon him, by the act or these rules, may be exercised or discharged by the director in person or by him through the agency of any employee or employees of the department whom he may designate."

In the instant case the defendant commission gave notice of layoff of plaintiff as follows:

"March 29, 1939

"Mr. Ovid Blix
Principal Personnel Administrator
State Civil Service Department
506 North Grand Avenue
Lansing, Michigan
"*Dear Mr. Blix*:

"We are submitting herewith a list of employees in the employment service division whom we are laying off on April 15, 1939. All of these will receive payment for such annual leave as they have accrued in addition to being given two weeks notice. Letters of release have been dispatched to each employee under date of March 28. (Please see enclosed copy of our letter of release)

Very truly yours,
JOHN C. TOWNSEND,
Executive Director.
THOMAS F. CARSON,
Associate Executive Director."

Plaintiff's name was on the list so submitted. On the trial the letter was produced from the files of the State civil service commission stamped, "1939, March 31st, 10:11 a.m. State civil service department." It must have been received by the director or employee in charge of his office appointed for that purpose. The director was given written notice within the meaning of Act No. 346, § 17 (2), Pub. Acts 1937.

The trial court was without authority to try the regularity of plaintiff's separation. The ruling to that effect is affirmed.

The reason assigned by the defendant commission for plaintiff's separation was within the act. It was for the State civil service commission to determine the controversy over the real reason for separation in the first instance.

Judgment for defendants is affirmed, without costs, a matter of public interest being involved.

BUTZEL, C. J., and CARR, SHARPE, BOYLES, NORTH, and STARR, JJ., concurred. BUSHNELL, J., took no part in the decision of this case.