MASON, D/B/A MASON TRANSFER CO. *v.* CITY CARTAGE CO., INC. ET AL.

[No. 18,500.   Filed February 18, 1954.]

*Robert D. Symmes* and *Charles W. Symmes,* both of Indianapolis, for appellant.

*Edwin K. Steers,* Attorney General, and *William S. McMaster,* Deputy Attorney General, for appellee.

CRUMPACKER, C. J.—This is an appeal from a decision of the liability referee of the Indiana Employment Security Board. The sole question involved is whether the appellant is a "successor employer" of the appellee City Cartage Company, Inc. whereby, under pertinent provisions of the Employment Security Act, he is entitled to have assigned to him the same rate of contribution as was assigned to said appellee during the calendar year 1953 and to have set over to him a part of said appellee's experience fund accumulated by contributions from the wages of certain employees of said appellee now employed by the appellant.

The facts are undisputed and may be summarized as follows: The appellant is engaged in the pickup and delivery of freight brought into the Indianapolis area

by four forwarding companies. He began such business on March 2, 1953, under the terms of separate contracts, executed on said day, with each of said forwarding companies. Prior to February 28, 1953, this identical service had been performed for said forwarding companies by the appellee City Cartage under unassignable contracts identical with those now held by the appellant. Said appellee, while it retained said business, employed nine men whose exclusive duties were to service said contracts. Thirty days prior to February 28, 1953, which fell on a Saturday, the appellee City Cartage notified each of said forwarding companies of its intention to terminate its contracts with them effective as of said date and on the following Monday, March 2, 1953, the nine men, who, until February 28, 1953, had been employees of City Cartage, entered the employ of the appellant and continued performing the same work for him as they had previously done for City Cartage. The above transactions did not involve the sale or lease of any of the physical assets of City Cartage which continued to carry on the remaining part of its business. The appellant and City Cartage agreed that the rights and obligations of a labor union contract between City Cartage and its employees would be taken over and assumed by the appellant as far as it affected the nine former employees of City Cartage who went to work for the appellant on March 2, 1953. During the transition there was no cessation of the business or lay-off of employees. City Cartage merely quit on Saturday and the following Monday the appellant took up where City Cartage left off and continued the operation of the same business with the same personnel.

On these facts the liability referee held that the appellant is not a successor employer of City Cartage and is not entitled to be assigned the rate of contribution

which was assigned to City Cartage for the calendar year of 1953, nor to any part of its experience account. This decision is challenged as being contrary to law.

Sec. 52-1531a Burns' 1951 Replacement (Supp.) defines "successor employers" as follows:

"Any employing unit (whether or not an employing unit at the time acquisition) which acquires a distinct and segregable portion of the organization, trade or business within this state of another employing unit which at the time of such acquisition is an employer subject to this act (§§52-1525— 52-1563b), provided, that such other employing unit would have been an employer under section 701 (§52-1531) if the portion acquired had constituted its entire organization, trade or business and the acquisition results in the operation or continuance of an organization, trade or business."

It is conceded that City Cartage would have been an employer under §701 of the Employment Security Act if the portion of its organization, trade or business acquired by the appellant had constituted its entire operation nor is it disputed that the acquisition by the appellant resulted in the continuance of such trade or business. It was considered by the referee that the appellant acquired a distinct and segregable part of City Cartage's business as is indicated by his own words which we quote as follows: "Undoubtedly the business of the employing unit (the appellant) after March 2, 1953, was a distinct and segregable portion of the business of City Cartage Company, Inc., prior to March 1, 1953, in the sense that the contracts were with the same forwarding companies and the services performed were substantially the same. Also the employees used in performance of the contracts were the same individuals."

Thus the question before us narrows down to an inquiry as to the meaning of the following words in the

statute: ". . . acquires a distinct and segregable portion of the organization, trade or business within this state of another employer . . . ." The referee concluded that these words mean that whatever part of a prior employer's organization, trade or business a subsequent employer acquires must be acquired *of* and *from* such prior employer as the result of some contract or agreement and as there is no evidence that the appellant got the business involved *from* City Cartage in any such manner it necessarily follows that the appellant is not a "successor employer" to City Cartage. The appellant, on the other hand, insists that the statute cannot be read to say "acquires of or from another employer a distinct or segregable portion of its organization, etc." but the phrase "of another" refers to the organization, trade or business of such other. In other words, if one acquires, in any manner, a distinct and segregable portion of the organization, trade or business of another employer and continues to operate the same he becomes a "successor employer."

We find no decision, nor have we been referred to any, that is helpful in determining the applicability of the "successor employer" statute to the facts in this case. As pointed out by the appellant, the case of *National Surety Co.* v. *McGreevy* (1933), 64 F. 2d 899, defines the word "acquire" as "become the owner of," "to get as one's own," "to gain by any means" and in *Scribner* v. *Wikstrom* . (1943), 93 N. H. 17, 34 A. 2d 658, the court says: "acquisition" means "a taking with or without consent." We cannot, however, bring ourselves to the conclusion that, in the enactment of the "successor employer" statute, the legislature meant to say that whenever one employer, by any means whatever, gains as his own a segregable part of the organization, trade or business of another, without the consent of the latter, he becomes a "successor employer" and thereby

becomes entitled to a proportionate part of his predecessor's experience fund. On the other hand, we find nothing in the statute that compels the conclusion that if A takes over a segregable portion of B's organization, trade or business and continues to operate it as his own, there must be some privity of contract between them to qualify A as a "successor employer." If B voluntarily discontinues a segregable part of his business and A acquires the identical business so surrendered and carries it on without interruption with the same personnel and the same contractual obligations to such personnel, there seems to be no logical reason to disqualify A as a "successor employer" solely because there was no contract between them governing the transaction. This is the situation presented by the facts in the present case and therefore we conclude the decision of the referee is in error.

Decision reversed and cause remanded to the liability referee for further proceedings not inconsistent with the views expressed in this opinion.

NOTE.—Reported in 117 N. E. 2d 387.