MERCY HOSPITAL v. CRIPPLED CHILDREN COMMISSION.

1. HOSPITALS—AFFLICTED CHILDREN—STATUTES.

The rights and obligations of contracting hospitals and commission, created to administer statute for furnishing of necessary care and treatment to afflicted children, depend on statute creating the commission (CL 1948, § 722.301 et seq., as amended).

2. STATUTES—CONSTRUCTION.

The primary purpose in the interpretation of a statute is to give effect to the intention of the law-making body and if the language in the statute is plain, certain and unambiguous, a bare reading suffices and no interpretation is necessary.

3. SAME—CONSTRUCTION—AFFLICTED CHILDREN.

Provision of afflicted children act that "payment shall be refused on any billing rendered 60 days or more after the discharge of the patient from the hospital," leaves no doubt as to the intention of the legislature, must be construed as it reads and without reference to equitable considerations (CL 1948, § 722.314).

4. SAME—CONSTRUCTION—NEGATIVE WORDS.

Usually, when negative words are used in a statute, it becomes imperative and mandatory, there being no room to hold that the language is simply directory.

5. HOSPITALS—CARE OF AFFLICTED CHILDREN—RENDITION OF BILLS—STATUTES.

Plaintiff hospital which had furnished care for afflicted children held, not entitled to recover therefor, where bills for such services had not been rendered within 60 days from time patients had been discharged and right to recovery was dependent upon statute (CL 1948, § 722.314).

6. SAME—AFFLICTED CHILDREN—NOTICE OF ADMITTANCE—REPORT OF DISCHARGE—PAYMENT OF BILLS.

The failure to give notice of the admittance of an afflicted child to plaintiff hospital and failure to file a report of discharge within a week thereof, does not, by statute, prevent payment by the afflicted children's commission on bills for care timely presented (CL 1948, §§ 722.308, 722.314).

7. STATUTES—CONSTRUCTION—TIME.

Statutes fixing a time for the doing of an act are considered as only directory, where the time is not fixed for the purpose

REFERENCES FOR POINTS IN HEADNOTES

[1, 2, 5, 6]  26 Am Jur, Hospitals § 5.
[2]  50 Am Jur, Statutes § 223.
[4]  50 Am Jur, Statutes § 29.
[7]  50 Am Jur, Statutes § 23.

of giving a party a hearing, or for some other purpose important to him.

8. SAME—CONSTRUCTION AS MANDATORY OR DIRECTORY.

Whether a statute is mandatory or directory depends on whether the thing directed to be done is of the essence of the thing required, or is a mere matter of form, and, accordingly, when a particular provision of a statute relates to some immaterial matter, as to which compliance with the statute is a matter of convenience rather than substance, or whether the directions of a statute are given merely with a view to the proper, orderly, and prompt conduct of business, it is generally regarded as directory, unless followed by words of absolute prohibition.

9. COSTS—FAILURE TO PREVAIL IN FULL.

No costs are allowed on appeal, where neither party has prevailed in full.

Appeal from Court of Claims; Smith (Raymond L.), J., presiding. Submitted June 16, 1954. (Docket No. 64, Calendar No. 46,110.) Decided September 8, 1954.

Petition and claim by Mercy Hospital, a Michigan nonprofit corporation, against the State of Michigan and Michigan Crippled Children Commission for services and care rendered to afflicted children. Judgment for plaintiff for part of claim. Defendants appeal. Plaintiff cross-appeals. Affirmed.

*W. M. Cunningham* and *Butzbaugh & Page* (*Elden W. Butzbaugh,* of counsel), for plaintiff.

*Frank G. Millard,* Attorney General, *Edmund E. Shepherd,* Solicitor General, and *Daniel J. O'Hara,* Assistant Attorney General, for defendants.

CARR, J. Plaintiff is a nonprofit corporation duly organized under the laws of the State of Michigan, and for some years has been engaged in the operation of a general hospital in Benton Harbor, Michigan. As a result of arrangements with the Michigan crippled children commission it has rendered hospital services to afflicted children under the, provisions of PA 1939, No 283, as amended (CL 1948,

§ 722.301 *et seq.*, as amended [Stat Ann 1953 Cum Supp § 25.422(1) *et seq.*]) The statute invests said commission, a defendant herein, with authority to administer the act and to make agreements with hospitals for the furnishing of necessary care and treatment to afflicted children whose parents or guardians are unable to do so. It is conceded that plaintiff was duly approved by the commission for the care of afflicted children, that the services rendered were satisfactory, and that the charges made were reasonable.

Plaintiff received payment from time to time for the services rendered by it under its arrangement with the defendant commission, except for the period between April and November, 1950. Its billings for the period in question totalled $6,602.25. Of such amount payment of $1,338.90 was refused because of failure to comply with the provisions of section 8 of the statute, and rules of the crippled children commission adopted thereunder, with reference to the making of entrance and discharge reports. The balance of the claim was rejected on the same ground and for the further reason that plaintiff had not rendered bills therefor within 60 days after discharge of patients, as specified in section 14. Thereupon plaintiff instituted suit in the court of claims for the full amount of its claim. Following trial judgment was rendered in its favor in the sum of $1,338.90, recovery being denied as to the balance. It was the holding of the trial judge that the provisions of section 8 of the statute, relating to entrance and discharge reports, should be construed as directory, but that section 14, in prescribing the time within which bills should be rendered after discharge, was mandatory. From the judgment entered plaintiff has appealed, and defendants have taken a cross appeal.

Insofar as material here section 8 of the statute (CL 1948, § 722.308 [Stat Ann 1953 Cum Supp § 25.422(8)]) reads as follows:

"Hospital reports. Approved hospitals receiving patients under the provisions of this act shall promptly report to the commission on blanks to be provided by the commission for that purpose, the date and hour of admission to and discharge from such hospital, the name of the physician and/or the surgeon who is in attendance, and such other information as the commission may require. Notification of the admittance of an afflicted child shall be made to the commission by the superintendent of the hospital within 10 days. A discharge report, giving the date of the discharge, and such other information as the commission may require, must be filed within 1 week from date of discharge. No bill for the care of a child shall be approved unless an entrance and discharge report has been filed with the commission."

Section 14 (CL 1948, § 722.314 [Stat Ann 1953 Cum Supp § 25.422(14)]), after setting forth provisions relating to the auditing and payment of bills rendered, contains the following:

"Payment shall be refused on any billing rendered 60 days or more after the discharge of the patient from the hospital."

It is conceded that plaintiff did not make the entrance and discharge reports during the period in question here, that is, from April to November, 1950, within the time specified therefor in section 8; nor did it render its billings following the discharge of patients during said period within 60 days thereafter in accordance with section 14. Plaintiff contends that the statutory provisions in question should be construed as directory merely, and, hence, that it is entitled to recover the full amount of its billings.

Defendants insist that the provisions of both sections quoted are mandatory, and that the failure on the part of plaintiff to comply therewith bars recovery.

The rights and obligations of the respective parties here depend on the statute. The primary purpose in the interpretation thereof is to give effect to the intention of the law-making body. In *City of Grand Rapids* v. *Crocker*, 219 Mich 178, 182, it was said:

"If the language employed in a statute is plain, certain and unambiguous, a bare reading suffices and no interpretation is necessary."

See, also, *MacQueen* v. *Port Huron City Com'n*, 194 Mich 328; *Boyer-Campbell Co.* v. *Fry*, 271 Mich 282 (98 ALR 827); *Gardner-White Co.* v. *State Board of Tax Administration*, 296 Mich 225; *Nordman* v. *Calhoun*, 332 Mich 460. Insofar as section 14 of the statute is concerned, there is no room for doubt as to the intention of the legislature. The language used is certain and definite. It is the duty of the courts to construe it as it reads, without reference to equitable considerations. *Bankers Trust Company of Detroit* v. *Russell*, 263 Mich 677. It was doubtless intended for the protection of the State by insuring that bills should be presented within the time specified in order to permit the making of such inquiry with reference thereto as might be deemed expedient. We think the rule recognized in *Connecticut Mutual Life Insurance Co.* v. *Wood*, 115 Mich 444, 448, 449, is applicable in the case at bar. It was there said:

"Usually, when negative words are used in a statute, it becomes imperative and mandatory. There is no room in such case to hold that the language is directory simply."

Under settled rules of statutory construction the conclusion cannot be avoided that the requirement imposed by the legislature with reference to the submission of bills within 60 days after the discharge of patients is mandatory. Plaintiff's right of recovery is predicated on the statute, and it is bound accordingly. *Wolski* v. *Unemployment Compensation Commission*, 315 Mich 181. The trial court correctly determined that plaintiff was not entitled to recover for that portion of its claim not presented within the time limited.

It will be noted that section 8, above quoted in part, does not specify that a failure to make the entrance and discharge reports within the respective periods indicated therefor shall be given the effect of requiring the State officials concerned to refuse payment for services rendered in those cases as to which reports had not been so made, or that the failure of any hospital to so report shall be deemed to be a sufficient reason for declining to pay bills covering the treatment of the patients concerned. Rather, the requirement in this regard is that:

"No bill for the care of a child shall be approved unless an entrance and discharge report has been filed with the commission."

If, as defendants and cross appellants contend, the making of said reports within the respective periods indicated therefor is a condition precedent to the right to receive payment for services rendered, the sentence last quoted would be mere surplusage. Considering the pertinent provisions of the section together leads to the conclusion that the legislature did not intend that failure to give notice within 10 days of the admittance of an afflicted child or to file a report of discharge within a week thereafter would prevent payment for the care of those patients as to whom such reports were not made within the

time specified. Had such been the intention we think it would have been clearly set forth, in language comparable to that used in section 14. It is a fair inference that the actual purpose sought to be accomplished by the provisions of section 8 in question was the observance of a proper and orderly procedure in the handling of cases within the purview of the statute.

In *Fay* v. *Wood,* 65 Mich 390, there was involved a construction of a provision of the charter of the city of Muskegon (a local act) directing that the council should on or before the first day of June in each year determine the amount necessary to be raised for highway purposes. The council did not act until after the date specified. In disposing of an objection that the time limited therefor by the local act was mandatory, it was said (p 401):

"Statutes fixing a time for the doing of an act are considered as only directory, where the time is not fixed for the purpose of giving a party a hearing, or for some other purpose important to him."

In *Attorney General* v. *Miller,* 266 Mich 127 (106 ALR 387), certain provisions of the election law of the State were held to be directory only, the Court (p 133) quoting with approval from 59 CJ, p 1074, Statutes, § 631, as follows:

" 'Whether a statute is mandatory or directory depends on whether the thing directed to be done is of the essence of the thing required, or is a mere matter of form. Accordingly, when a particular provision of a statute relates to some immaterial matter, as to which compliance with the statute is a matter of convenience rather than substance, or where the directions of a statute are given merely with a view to the proper, orderly, and prompt conduct of business, it is generally regarded as directory, unless followed by words of absolute prohibition.' "

See, also, *Motorcoach Operators Ass'n* v. *Board of Street Railway Commissioners*, 267 Mich 568. The language of section 8 of the statute relating to the care of afflicted children may not be construed as barring recovery because of delay in filing the admittance and discharge reports.

The judgment rendered in plaintiff's favor in the sum of $1,338.90 is affirmed. Neither party having fully prevailed, no costs are allowed.

BUTZEL, C. J., and BUSHNELL, SHARPE, BOYLES, REID, DETHMERS, and KELLY, JJ., concurred.