PEOPLE v MABEN

Docket No. 166856. Submitted January 19, 1995, at Grand Rapids.
    Decided February 21, 1995, at 9:20 A.M. Leave to appeal sought.
Lester Maben pleaded guilty in the Berrien Circuit Court, Casper
    O. Grathwohl, J., of larceny from a person and was sentenced
    to 2½ to 10 years of imprisonment, to be served consecutively
    to the sentence for which he was on parole at the time of the
    larceny. The defendant appealed his sentence.

The Court of Appeals *held:*

1. No authority exists in support of the defendant's claim
that the scoring of fifteen points for Prior Record Variable 6
(prior relationship to criminal justice system) of the Michigan
Sentencing Guidelines and the imposition of a consecutive
sentence pursuant to MCL 768.7a(2); MSA 28.1030(1)(2) consti-
tutes impermissible "double counting."

2. The scoring of points under both PRV 6 and PRV 2 (prior low
severity felony convictions) likewise does not constitute double
counting because the variables serve different purposes. Prior
Record Variable 2 reflects a policy decision that a longer
sentence is warranted when the offender has a prior felony
conviction, and PRV 6 is indicative of a determination that a
subsequent offense is even more egregious if committed while
the offender is on parole.

Affirmed.

1. Sentences — Sentencing Guidelines — Prior Relationship to
    Criminal Justice System — Parolees — Consecutive Sen-
    tencing.

    A sentencing court, when computing under the sentencing guide-
    lines a sentence that, by statute, must be imposed consecutively
    to the sentence from which the offender was on parole at the
    time of the offense for which sentence is to be imposed, may
    assess points under Prior Record Variable 6 (prior relationship
    to criminal justice system) on the basis of the offender's parole
    status (MCL 768.7a[2]; MSA 28.1030[1][2]).

References
Am Jur 2d, Criminal Law §§ 527, 552.
See ALR Index under Sentence and Punishment.

2. SENTENCES — SENTENCING GUIDELINES — PRIOR LOW SEVERITY
   FELONY CONVICTIONS — PRIOR RELATIONSHIP TO CRIMINAL JUS-
   TICE SYSTEM.

   A sentencing court, when computing under the sentencing guide-
   lines a sentence to be imposed on an offender who was on
   parole at the time of the offense, may assess points under both
   Prior Record Variable 2 (prior low severity felony convictions)
   and Prior Record Variable 6 (prior relationship to criminal
   justice system) where the offense for which parole was granted
   is among the felonies enumerated in PRV 2.

*Frank J. Kelley,* Attorney General, *Thomas L. Casey,* Solicitor General, *Dennis M. Wiley,* Prosecuting Attorney, and *Mary Malesky,* Assistant Prosecuting Attorney, for the people.

State Appellate Defender (by *Anne Yantus*), for the defendant on appeal.

Before: SAWYER, P.J., and BANDSTRA and R. B. BURNS,* JJ.

BANDSTRA, J. Defendant pleaded guilty to larceny from a person, MCL 750.357; MSA 28.589, and was sentenced to 2½ to 10 years in prison. Defendant now appeals his sentence as of right and we affirm.

Defendant first argues that he is entitled to resentencing because the trial court improperly scored fifteen points under Prior Record Variable (PRV) 6 of the Michigan Sentencing Guidelines when the parole status that accounted for that scoring was already a factor that required a mandatory consecutive sentence under statute. PRV 6 provides that fifteen points must be assessed against an offender if, at the time of the instant offense, the defendant was on parole. Michigan Sentencing Guidelines (2d ed, 1988), p 97. In addi-

---

* Former Court of Appeals judge, sitting on the Court of Appeals by assignment.

tion, MCL 768.7a(2); MSA 28.1030(1)(2) provides that a person who commits a felony while on parole from a sentence for a previous offense shall receive a sentence for the subsequent offense that runs consecutively to the sentence imposed for the previous offense. *People v Young,* 206 Mich App 144, 154; 521 NW2d 340 (1994).

To adopt defendant's argument that impermissible "double counting" occurred when the trial court scored points under PRV 6 and also imposed a consecutive sentence under the statute would have broad consequences. PRV 6 is included in the scoring for every offense contained in the sentencing guidelines and the effect would be to repeal all these provisions. We see no reason to reach that extreme result.

When PRV 6 (formerly PRV 7) was first adopted in 1983, points were to be scored against an offender even if the offender's situation required consecutive sentencing. We presume that, when MCL 768.7a(2); MSA 28.1030(1)(2) was amended effective June 1, 1988, to expand consecutive sentencing situations, the Legislature was aware of former PRV 7 and its negative effect on an offender who was on parole. See *K & K Woodworking, Inc v MESC,* 206 Mich App 515, 519; 522 NW2d 694 (1994). Similarly, when the sentencing guidelines were subsequently revised, effective October 1, 1988, it is presumed that the sentencing guidelines committee was aware of the amended consecutive sentencing statute. Cf. *K & K Woodworking, supra.* Quite simply, the sentencing guidelines committee and the Legislature, each knowing of the other's actions, separately decided to penalize offenders already on parole in different manners. Defendant cites no authority to say this was wrong, and we are aware of none. See *People v Hunter,* 202 Mich App 23, 27; 507 NW2d 768

(1993). To ignore either the guidelines or the consecutive sentencing statute would be erroneous. Thus, the trial court properly applied both penalties.

Defendant next argues that assessing points under both PRV 2 and PRV 6 is, in effect, assessing points twice for the same misconduct. We disagree. Points are assessed under PRV 2 because of an offender's prior felony history. PRV 2 thus reflects the legitimate policy decision that a longer sentence is warranted because it is not the first time that the offender was in trouble with the law. PRV 6 serves a different purpose. It recognizes that a subsequent offense is even *more* egregious if it was committed while the offender was still on or was just recently on parole, probation, or otherwise involved with the criminal justice system. In *People v Vonins (After Remand)*, 203 Mich App 173, 176; 511 NW2d 706 (1993), this Court addressed this issue and held that the scoring of points under both PRV 2 and 6 was not impermissible "double counting." The trial court's assessment of points for both variables was proper.

Affirmed.

SAWYER, P.J. I concur in the result only.