PEOPLE v JARVI

Docket No. 178467. Submitted March 12, 1996, at Lansing. Decided April 2, 1996, at 9:00 A.M. Leave to appeal sought.

Floyd S. Jarvi pleaded nolo contendere in the Livingston Circuit Court to five counts of first-degree criminal sexual conduct, one count each of kidnapping, armed robbery, assault with intent to commit first-degree criminal sexual conduct, and carrying a concealed weapon, two counts of resisting and obstructing a police officer, and seven counts of possession of a firearm during the commission of a felony. The court, Stanley J. Latreille, J., sentenced the defendant to concurrent prison terms of twenty-three to fifty years for each of the underlying felony convictions, to be served consecutively to the mandatory two-year term for the felony-firearm convictions. The defendant appealed, claiming errors in scoring under the sentencing guidelines.

The Court of Appeals *held:*

1. The evidence supports the scoring of fifteen points for Offense Variable 5, which applies to a situation where a victim is carried away or held captive. Fifteen points may be assessed where the victim was moved to another place or situation of greater danger or held captive significantly beyond that which was necessary to commit the offense. Here, the record indicates that the defendant transported the victim to various locations. The scoring of points for OV 5 and Prior Record Variable 7, which involves subsequent or concurrent felony convictions, does not constitute impermissible "double counting" inasmuch as the variables address different concerns.

2. Challenges concerning the scoring of OV 2, which involves physical attack or injury, and OV 7, which involves offender exploitation of victim vulnerability, need not be addressed because the defendant would remain at Offense Level IV even after the reduction in points that would result from a rescoring of these variables.

3. The trial court did not err in assessing five points for Prior Record Variable 6, which involves having a prior relationship with the criminal justice system. Five points may be assessed for PRV 6 if, at the time of the offense for which sentence is imposed, the

offender was on bond or bail, on pretrial diversion, or on Holmes Youthful Trainee status. In this case, the defendant, at the time of the instant offenses, was out on bond for a charge of which he was subsequently acquitted. Calculations under the sentencing guidelines may be based on criminal activity for which the defendant was acquitted.

Affirmed.

*Frank J. Kelley*, Attorney General, *Thomas L. Casey*, Solicitor General, *David L. Morse*, Prosecuting Attorney, and *Daniel J. Garber, Jr.*, Chief Assistant Prosecutor.

State Appellate Defender (by *F. Michael Schuck*), for the defendant on appeal.

Before: FITZGERALD, P.J., and CORRIGAN and C. C. SCHMUCKER,* JJ.

PER CURIAM. Defendant pleaded nolo contendere to five counts of first-degree criminal sexual conduct, MCL 750.520b; MSA 28.788(2), one count of kidnapping, MCL 750.349; MSA 28.581, one count of armed robbery, MCL 750.529; MSA 28.797, one count of assault with intent to commit first-degree criminal sexual conduct, MCL 750.520g(1); MSA 28.788(7)(1), one count of carrying a concealed weapon, MCL 750.227; MSA 28.424, two counts of resisting and obstructing a police officer, MCL 750.479; MSA 28.747, and seven counts of possession of a firearm during the commission of a felony, MCL 750.227b; MSA 28.424(2). Defendant's plea was made pursuant to a *Cobbs*[1] agreement that he receive a minimum sen-

---

* Circuit judge, sitting on the Court of Appeals by assignment.

[1] *People v Cobbs*, 443 Mich 276; 505 NW2d 208 (1993).

tence of no more than twenty-five years.[2] Defendant was sentenced to concurrent prison terms of twenty-three to fifty years for each of the underlying convictions, to be served consecutively to a two-year prison term for the felony-firearm convictions. He appeals as of right. We affirm. Defendant's sole claim on appeal is that he is entitled to resentencing because of various errors in the scoring of the guidelines' variables. He claims that the errors resulted in a higher guidelines' range and, hence, a longer sentence under the sentence agreement.[3]

First, the evidence supports the trial court's assessment of fifteen points for Offense Variable 5. Fifteen points may be assessed for OV 5 when the victim is moved to another place or situation of greater danger or held captive significantly beyond that which was necessary to commit the offense. The record reveals that defendant transported the victim in a vehicle to various locations and sexually assaulted her at different locations. This evidence is sufficient to support the trial court's assessment of fifteen points. *People v Hernandez*, 443 Mich 1, 16; 503 NW2d 629 (1993).

Defendant argues, however, that a score of fifteen points constitutes impermissible "double counting" because defendant's kidnapping conviction was taken into account in assessing twenty points under Prior Record Variable 7 for two or more subsequent or concurrent felony convictions. We disagree.

---

[2] Apparently, the parties calculated the guidelines' range at ten to twenty-five years. The trial court, however, calculated the guidelines' range at fifteen to thirty years.

[3] We assume, for purposes of our analysis, that the *Cobbs* agreement envisioned a minimum term within the guidelines' range, rather than an agreement to a minimum sentence not to exceed twenty-five years.

Ov 5 and PRV 7 are two separate categories addressing two different situations. Ov 5 provides for the assessment of points if the defendant moved the victim to a place or situation of greater danger or holds the victim captive longer than necessary to commit the offense. PRV 7 provides for the assessment of points for two or more subsequent or concurrent felony convictions. Each variable is directed toward a different purpose. Ov 5 is concerned with the danger in which the victim was placed. PRV 7 is concerned with the commission of a number of felonies at the same time. The trial court's assessment of points for both variables was proper. See, e.g., *People v Maben*, 208 Mich App 652; 528 NW2d 850 (1995), and *People v Vonins (After Remand)*, 203 Mich App 173; 511 NW2d 706 (1993).

Defendant also challenges the scoring of ov 2 and ov 7. However, because a reduction in the score of ov 2 from fifty to twenty-five points as requested by defendant and a reduction in the score of ov 7 from five to zero points would still place defendant in Offense Level IV, we need not address the challenges.[4] *People v Johnson*, 202 Mich App 281, 290; 508 NW2d 509 (1993).

Defendant also challenges the trial court's assessment of five points for PRV 6. Five points may be assessed for PRV 6 when an "other relationship" to the criminal justice system exists. The instructions for PRV 6 state that an "other relationship" exists if, at the time of the instant offense, the offender was either (1) on bond or bail, (2) on pretrial diversion, or (3) on

---

[4] The trial court's scoring of the offense variables placed defendant in Offense Level IV with ninety points. A thirty-point reduction would give defendant an OV score of sixty, which still falls within Offense Level IV.

Holmes Youthful Trainee status. Here, it is undisputed that defendant was charged with first-degree criminal sexual conduct and was on bond at the time of the present offense. Defendant claims, however, that points cannot be scored as a result of the "other relationship" because he was acquitted of the criminal sexual conduct charges approximately three months after he committed the present offense. We disagree. The obvious intent of awarding five points to an individual who commits a crime while on bond or bail has no nexus to issues of guilt or innocence of the underlying charge. Rather, PRV 6 simply recognizes the more egregious nature of an offense committed while a prior relationship to the criminal justice system exists. See, e.g., *Maben, supra* at 655. Nonetheless, calculations may be based on criminal activity for which the defendant was acquitted. *People v Harris,* 190 Mich App 652, 663; 476 NW2d 767 (1991). The trial court's assessment of five points for PRV 6 was proper.

Affirmed.