*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

      Plaintiff-Appellee,

v

JAVONTAE UVONN GIBBS-CURRY,

      Defendant-Appellant.

UNPUBLISHED
January 28, 2020

No. 345321
Kent Circuit Court
LC No. 17-008894-GH

Before: O'BRIEN, P.J., and RONAYNE KRAUSE and GADOLA, JJ.

PER CURIAM.

A jury convicted defendant of first-degree home invasion, MCL 750.5110a(2); accessory after the fact to home invasion, MCL 750.505; and receiving and concealing stolen property valued over $200 but less than $1000, MCL 750.535(4)(a). The trial court vacated defendant's accessory-after-the-fact charge in lieu of granting defendant's motion for a mistrial. The trial court sentenced defendant to 20 to 40 years' imprisonment for first-degree home invasion and imposed a fine of $500 for receiving and concealing stolen property. Defendant appeals as of right. We affirm defendant's convictions and sentences, but we remand for the ministerial task of correcting an inaccuracy in the presentence investigation report (PSIR) and in defendant's sentencing guidelines score.

## I. BACKGROUND

The victim arrived home early from work to find two intruders inside his apartment. The victim heard one of the intruders indicate, "he" had returned and recognized the voice as that of Montriell Mayfield, a friend of the victim's son who had previously been to the victim's home as a guest. The two intruders immediately fled. The victim initially tried to give chase, but then called the police, who quickly apprehended the intruders. The victim identified the intruders as Mayfield and defendant, with whom the victim was also familiar as a friend of his son and recent guest. The victim also rapidly identified certain distinctive items he owned as being in the intruders' possession.

Mayfield entered a plea of guilty to second-degree home invasion and testified at defendant's trial. Mayfield testified that he and defendant broke into the victim's apartment, that

-1-

he witnessed defendant shoving multiple items into his backpack, and while sitting in the back of the police car, defendant pressured him to "take the wrap [sic]." Defendant testified that Mayfield told him that the victim's apartment was, in fact, Mayfield's house and that Mayfield said he needed something from the apartment. While Mayfield entered the apartment, defendant sat outside on the stairwell steps waiting for him. A short time later, Mayfield came outside and asked defendant if he could borrow his backpack and then he reentered the apartment. When Mayfield exited the apartment he told defendant, "Let's go," and started to walk quickly down the street. Mayfield stated, using slang, that he had just stolen something. Defendant testified that Mayfield handed him the backpack full of the stolen items, put on his jacket on and pulled up his hood. Defendant testified that he did not return the property when he had the opportunity because he did not want Mayfield to think he was a rat or that he was snitching on him. Over defendant's objection, an ex-girlfriend of his testified about an incident three years previously when defendant forced his way into the ex-girlfriend's grandmother's home, dragged the ex-girlfriend out of the home, and stole a cash card from the ex-girlfriend.

Defendant pursued a theory at trial that he was guilty only of receiving and concealing stolen property. The jury's instructions and verdict form presented three charges: first-degree home invasion, accessory after the fact to home invasion, and receiving and concealing stolen property. Each charge provided the option of finding defendant guilty or not guilty, but the first-degree home invasion charge also permitted the jury to find defendant guilty of the lesser offense of second-degree home invasion. During the jury's deliberations, it asked the trial court two questions, which were not transcribed but are included in the record, with the trial court's answers:

> *Question*. Can you be an accessory and a principal in the same crime?

> *Answer*. No

> *Question*. Is each charge considered in isolation? - or - Does the verdict of one charge effect [sic] the validity of the others?

> *Answer*. You are to decide each count separately.

As discussed, the jury found defendant guilty of all three charges. Defendant moved for a mistrial, arguing that the jury violated the trial court's instruction that defendant could not be guilty as both a principal and an accessory to the same crime. Defendant emphasized that the principal and accessory charges were premised on completely different and incompatible accounts of the incident. The trial court denied the motion and instead vacated the accessory conviction. Defendant now appeals.

## II. INSTRUCTIONAL ERROR

Defendant argues that the trial court violated his constitutional and statutory rights to be present during his trial by answering the jury's questions outside of his presence. In his brief on

appeal and in his Standard 4 brief,[1] defendant also argues that the trial court erred by failing to instruct the jury that it could not convict defendant of both receiving and concealing stolen property and first-degree home invasion, or that it could not convict defendant as both a principal and an accessory to first-degree home invasion. We disagree.

None of these arguments were timely raised in the trial court, so we review them for plain error affecting defendant's substantial rights. *People v Carines*, 460 Mich 750, 763; 597 NW2d 130, 138 (1999). "To avoid forfeiture under the plain error rule, three requirements must be met: 1) error must have occurred, 2) the error was plain, i.e., clear or obvious, 3) and the plain error affected substantial rights." *Id*. "We review de novo claims of instructional error." *People v Kowalski*, 489 Mich 488, 501; 803 NW2d 200 (2011). Instructions must be reviewed "as a whole, rather than piecemeal," to ensure that they "fairly presented the issues to be tried and adequately protected the defendant's rights." *Id*. at 501-502. A defendant has a right to be present when the trial court gives instructions to the jury. *People v Powell*, 303 Mich App 271, 275; 842 NW2d 538 (2013). However, although ex parte communications between a trial judge and the jury are discouraged, such communications are not a basis for reversal unless a reasonable probability exists that the defendant was prejudiced as a result. *Id*.

Although there appears to be no dispute that defendant was not personally present when the trial court responded to the jury's questions, his absence is not clear from the record. Nevertheless, the record does establish that defense counsel was present and discussed the responses to the jury's questions in chambers before the trial court communicated those responses to the jury. Any possible presumption of prejudice from defendant's absence was therefore dispelled. See *People v France*, 436 Mich 138, 165; 461 NW2d 621 (1990); *People v Clyburn*, 55 Mich App 454, 460; 222 NW2d 775 (1974). Defendant does not articulate how he was actually prejudiced by his absence, nor can we imagine how his presence would have benefitted him. Indeed, defendant does not even seriously argue that the trial court's responses were wrong. Rather, defendant contends that the trial court's responses were insufficient to correct its allegedly-erroneous initial instructions. We cannot find that defendant's absence, if indeed he was absent, constituted plain error that affected his substantial rights.

Defendant correctly points out, and the prosecutor conceded in the trial court, that he may not be convicted as both a principal and as an accessory after the fact to the same crime. *People v Hartford*, 159 Mich App 295, 299-301; 406 NW2d 276 (1987). However, the jury must consider each charge independently and the jury is "not held to any rules of logic," so the jury may render inconsistent verdicts. *People v Vaughn*, 409 Mich 463, 465-466; 295 NW2d 354 (1980). If the jury's verdicts result in a double jeopardy violation, the "appropriate remedy" is to affirm the conviction of the higher charge and to vacate the lower conviction." *People v Herron*, 464 Mich 593, 609; 628 NW2d 528 (2001) (quotation omitted). The trial court therefore properly vacated the accessory conviction instead of granting defendant's requested mistrial. Furthermore, we are not persuaded that the jury's questions and verdicts reflect the jury having been confused. See *People v Lewis*, 415 Mich 443, 450 n 9; 330 NW2d 16 (1982). The jury

---

[1] Michigan Supreme Court Administrative Order 2004-6, Standard 4. 471 Mich c, cii (2004).

clearly followed the trial court's instruction to consider each charge separately, and the evidence was amply sufficient to support a verdict of guilty as to each of the charges.

Similarly, the trial court did not err in failing to instruct the jury that it could not convict defendant of both first-degree home invasion and receiving and concealing stolen property. "The double jeopardy clauses of the United States and Michigan constitutions protect against governmental abuses for both (1) multiple prosecutions for the same offense after a conviction or acquittal and (2) multiple punishments for the same offense." *People v Bergman*, 312 Mich App 471, 490-491; 879 NW2d 278 (2015) (quotation omitted). The preclusion against multiple punishments for the same offense does not preclude multiple punishments for distinct offenses arising out of the same conduct. See *id*. If the two offenses each contain at least one element that the other does not, they are "cognate" offenses, rather than "included" offenses, and no prohibition exists against imposing punishments for both. *People v Dickinson*, 321 Mich App 1, 11; 909 NW2d 24 (2017); *People v Mendoza*, 468 Mich 527, 532 nn 3-4; 664 NW2d 685 (2003). Because "[r]eceiving or concealing stolen property is a cognate lesser included offense of breaking and entering," *People v Adams*, 202 Mich App 385, 387; 509 NW2d 530 (1993), and "breaking and entering without permission is a necessarily included lesser offense of first-degree home invasion," *People v Silver*, 466 Mich 386, 392; 646 NW2d 150 (2002), it follows that receiving and concealing stolen property is a cognate offense of first-degree home invasion. Thus, the two charges are not incompatible.

We find no plain error affecting defendant's substantial rights in the instructions given to the jury or in defendant's absence when the trial court responded to the jury's questions.

## IV. EVIDENTIARY ERROR

Defendant next argues that the trial court erred by allowing his ex-girlfriend to testify regarding the prior incident during which defendant forced his way into the ex-girlfriend's grandmother's home, dragged the ex-girlfriend out, and stole her cash card. We find no basis for reversal.

The trial court's decision whether to admit evidence is reviewed for an abuse of discretion, but preliminary legal determinations of admissibility are reviewed de novo; it is necessarily an abuse of discretion to admit legally inadmissible evidence. *People v Gursky*, 486 Mich 596, 606; 786 NW2d 579 (2010). An evidentiary error "is not a ground for reversal unless, after an examination of the entire cause, it shall affirmatively appear that it is more probable than not that the error was outcome determinative." *People v Lukity*, 460 Mich 484, 495-496; 596 NW2d 607 (1999) (quotation omitted). We decline to address whether the trial court's evidentiary decision was proper, because even if it was erroneous, any error was harmless in light of the additional overwhelming evidence introduced against defendant.

As discussed, the victim in this case was familiar with both defendant and Mayfield. Defendant recognized Mayfield's voice as one of the intruders actually inside his apartment. The victim observed defendant leaving his apartment with a backpack full of stolen goods. Defendant was apprehended by a description given to police by the victim, while defendant was still carrying the backpack of stolen goods. The victim then promptly identified defendant as one of the intruders. When the police emptied the contents of defendant's backpack onto the hood of

the patrol car, with the victim present, the victim was able to identify his property, some of which was quite distinctive (i.e., nunchucks, speakers, telephones, chargers, a specific amount of money in small bills and foreign currency, a small gaming system, and other smaller items). Mayfield testified that defendant had been involved in the home invasion. Defendant's own testimony established at least that defendant knowingly received a backpack full of stolen goods, and defendant contemplated returning the goods, but chose not to. Even if the ex-girlfriend's testimony had been erroneous, it was inconsequential in light of the rest of the evidence.

## V. SENTENCING GUIDELINES SCORING

Finally, defendant argues, and the prosecutor agrees, that the trial court erred in assessing 10 points to prior record variable (PRV) 7 rather than zero points. PRV 7 deals with subsequent or current felony convictions and requires an assessment of 10 points if the "offender has 1 subsequent or concurrent conviction or more" and zero points if "[t]he offender has no subsequent or concurrent convictions felonies." MCL 777.57(1)(b) and (c). "PRV 7 is concerned with the commission of a number of felonies at the same time." *People v Jarvi*, 216 Mich App 161, 164; 548 NW2d 676 (1996). PRV 7 had initially been scored at 10 points because defendant was convicted of two felonies and one misdemeanor. Defendant's PSIR was erroneously not updated to reflect the vacation of one of those felonies: his accessory-after-the-fact conviction. Accordingly, PRV 7 was mis-scored and should have been scored zero points. This change does not affect defendant's sentence, but defendant is entitled to a completely correct and accurate PSIR. *People v Waclawski*, 286 Mich App 634, 689; 780 NW2d 321 (2009). We therefore remand to the trial court for the ministerial task of correcting defendant's PSIR and re-scoring PRV 7 at zero points.

We affirm defendant's convictions and sentences, but we remand for the ministerial task of correcting defendant's PSIR and re-scoring PRV 7 at zero points. We do not retain jurisdiction.

/s/ Colleen A. O'Brien
/s/ Amy Ronayne Krause
/s/ Michael F. Gadola